# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>259 Cat Mousam Road, Kennebunk, ME 04043 |
| Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen | Mortgage:<br>October 14, 2005<br>Book 14649, Page 863 |
| **Defendant** | |
| Department of Treasury - Internal Revenue Service<br>United States Attorney's Office<br>Sanford Institution for Savings n/k/a Partners Bank of New England | |
| **Parties-In-Interest** | |

UPON INFORMATION AND BELIEF, THIS PROPERTY IS VACANT.

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, is the obligor and the total amount owed under the terms of the Note is Two Hundred Forty-Two Thousand Three Hundred Seven and 40/100 ($242,307.40) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, is a resident of York, County of York and State of Maine.

6. The Party-in-Interest, Department of the Treasury - Internal Revenue Service, is located at 1111 Constitution Avenue, NW, Washington, DC 20224.

7. The Party-in-Interest, Sanford Institution for Savings n/k/a Partners Bank of New England, is located at 900 Main Street, Sanford, ME 04073.

8. The Party-in-Interest, Department of Treasury, Internal Revenue Service c/o United States Attorney`s Office, is located at c/o Ashley E. Eiler, 100 Middle Street, 6th Floor, East Tower, Portland, ME 04101.

## FACTS

9. On August 9, 2000, by virtue of a Warranty Deed from Mark C. Jacobsen and Eric Jacobsen, which is recorded in the York County Registry of Deeds in **Book 10162, Page 254**, the property situated at 259 Cat Mousam Road, Kennebunk, County of York, and State of Maine, was conveyed to Craig L. Jacobsen a/k/a Craig Jacobsen, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On October 14, 2005, Craig L. Jacobsen a/k/a Craig Jacobsen executed and delivered to Washington Mutual Bank, FA a certain Note under seal in the amount of $138,562.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on October 14, 2005, Craig L. Jacobsen a/k/a Craig Jacobsen executed a Mortgage Deed in favor of Washington Mutual Bank, FA, securing the property located at 259 Cat Mousam Road, Kennebunk, ME 04043 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14649, Page 863**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. On September 4, 2009, Craig L. Jacobsen a/k/a Craig Jacobsen passed away.

13. On February 19, 2010, Heidi Jacobsen, Mark C. Jacobsen, and Eric Jacobsen were appointed co-personal representatives to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen by the State of Maine, Probate Court Docket No. 2009-0963, and as such, have no personal liability in this matter.

14. On March 10, 2012, Eric Jacobsen passed away.

15. On October 8, 2018, Mark C. Jacobsen passed away.

16. The Mortgage was then assigned to Bayview Loan Servicing, LLC by virtue of an Assignment of Mortgage dated December 7, 2013 and recorded in the York County Registry of Deeds in **Book 16753**, **Page 929**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to Federal Home Loan Mortgage Corporation by virtue of an Assignment of Mortgage dated May 16, 2016 and recorded in the York County Registry of Deeds in **Book 17302**, **Page 198**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated August 30, 2017 and recorded in the York County Registry of Deeds in **Book 17557**, **Page 941**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

19. On October 19, 2017, the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

20. The Demand Letter informed the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

21. The Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, failed to cure the default prior to the expiration of the Demand Letter.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage, however, its recovery is limited to an *in rem* recovery against the subject property.

24. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

25. Internal Revenue Service is a Party-in-Interest pursuant to a Notice of Federal Tax Lien in the amount of $39,706.21 dated September 2, 2011, and recorded in the York County Registry of Deeds in **Book 16161**, **Page 918** and is in second position behind Plaintiff's Mortgage.

26. Sanford Institution for Savings n/k/a Partners Bank of New England is a Party-in-Interest pursuant to a Writ of Execution in the amount of $35,798.14 dated October 12, 2011, and recorded in the York County Registry of Deeds in **Book 16183**, **Page 290** and is in third position behind Plaintiff's Mortgage.

27. The total debt owed under the Note and Mortgage as of April 13, 2020 is Two Hundred Forty-Two Thousand Three Hundred Seven and 40/100 ($242,307.40) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $126,545.87 |
| Interest | $64,155.36 |
| Escrow/Impound Required | $27,385.80 |
| Late Fees | $623.10 |
| Total Advances | $23,597.27 |
| Grand Total | $242,307.40 |

28. Upon information and belief, the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, is presently not in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

29. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 259 Cat Mousam Road, Kennebunk, County of York, and State of Maine. *See* Exhibit A.

31. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure and sale upon the subject property.

32. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

33. The Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, is presently in default on said Mortgage and Note, having failed to make the monthly payment due December 1, 2011, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note, but has no personal liability for said breach.

34. The total debt owed under the Note and Mortgage as of April 13, 2020 is Two Hundred Forty-Two Thousand Three Hundred Seven and 40/100 ($242,307.40) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $126,545.87 |
| Interest | $64,155.36 |
| Escrow/Impound Required | $27,385.80 |
| Late Fees | $623.10 |
| Total Advances | $23,597.27 |
| Grand Total | $242,307.40 |

35. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

36. By virtue of the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

37. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, on October 19, 2017, evidenced by the Certificate of Mailing. *See* Exhibit G.

## COUNT II – BREACH OF NOTE

38. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. On October 14, 2005, Craig L. Jacobsen a/k/a Craig Jacobsen executed under seal and delivered to Washington Mutual Bank, FA a certain Note in the amount of $138,562.00. *See* Exhibit B.

40. The Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, is in default for failure to properly tender the December 1, 2011 payment and all subsequent payments. *See* Exhibit G.

41. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen.

42. The Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage, but any remedy shall be limited to the subject property.

43. The Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen's, breach is knowing, willful, and continuing.

44. The Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen's, breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

45. The total debt owed under the Note and Mortgage as of April 13, 2020, if no payments are made, is Two Hundred Forty-Two Thousand Three Hundred Seven and 40/100 ($242,307.40) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $126,545.87 |
| Interest | $64,155.36 |
| Escrow/Impound Required | $27,385.80 |
| Late Fees | $623.10 |
| Total Advances | $23,597.27 |
| Grand Total | $242,307.40 |

46. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees, but such relief shall be limited to the subject property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

47. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. By executing, under seal, and delivering the Note, Craig L. Jacobsen a/k/a Craig Jacobsen entered into a written contract with Washington Mutual Bank, FA who agreed to loan the amount of $138,562.00 to the Defendant. *See* Exhibit B.

49. As part of this contract and transaction, Craig L. Jacobsen a/k/a Craig Jacobsen executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

50. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Washington Mutual Bank, FA, and has performed its obligations under the Note and Mortgage.

51. The Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, breached the terms of the Note and Mortgage by failing to properly tender the December 1, 2011 payment and all subsequent payments. *See* Exhibit G.

52. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen.

53. The Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, having failed to comply with the terms of the Note and Mortgage, is in breach of contract, but has no personal liability hereunder.

54. The Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Two Hundred Forty-Two Thousand Three Hundred Seven and 40/100 ($242,307.40) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to Craig L. Jacobsen a/k/a Craig Jacobsen.

55. Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen's, breach is knowing, willful, and continuing.

56. Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen's, breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

57. The total debt owed under the Note and Mortgage as of April 13, 2020, if no payments are made, is Two Hundred Forty-Two Thousand Three Hundred Seven and 40/100 ($242,307.40) Dollars, which includes:

| Description | Amount |
|---|---:|
| Principal Balance | $126,545.87 |
| Interest | $64,155.36 |
| Escrow/Impound Required | $27,385.80 |
| Late Fees | $623.10 |
| Total Advances | $23,597.27 |
| Grand Total | $242,307.40 |

58. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees, but such relief shall be limited to the subject property.

## COUNT IV – QUANTUM MERUIT

59. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. Washington Mutual Bank, FA, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Craig L. Jacobsen a/k/a Craig Jacobsen $138,562.00. *See* Exhibit B.

61. The Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, is in default for failure to properly tender the December 1, 2011 payment and all subsequent payments. *See* Exhibit G.

62. As a result of the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen's, failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

63. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*, but such relief shall be limited to the subject property.

## COUNT V –UNJUST ENRICHMENT

64. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 63 as if fully set forth herein.

65. Washington Mutual Bank, FA, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Craig L. Jacobsen a/k/a Craig Jacobsen $138,562.00. *See* Exhibit B.

66. The Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, has failed to repay the loan obligation.

67. As a result, the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Washington Mutual Bank, FA by having received the aforesaid benefits and money and not repaying said benefits and money.

68. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief, but such relief shall be limited to the subject property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, is in breach of the Note by failing to make payment due as of December 1, 2011, and all subsequent payments;

d) Find that the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, is in breach of the Mortgage by failing to make payment due as of December 1, 2011, and all subsequent payments;

e) Find that Craig L. Jacobsen a/k/a Craig Jacobsen entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due December 1, 2011 and all subsequent payments, but has no personal liability;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j) Find that the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k) Find that the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, is liable to the Plaintiff for *quantum meruit*;

l) Find that the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Heidi Jacobsen, Personal Representative to the Estate of Craig L. Jacobsen a/k/a Craig Jacobsen, (with any remedy being limited to the subject property) and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Two Hundred Forty-Two Thousand Three Hundred Seven and 40/100 ($242,307.40) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

Dated: April 3, 2020

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com